IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW JAMES GRIFFIN, #Y53580,  )
                                 )
          Plaintiff,             )
                                 )
     vs.                         )          Case No. 25-cv-01219-SMY
                                 )
LATOYA HUGHES, ANDREW WALTERS,   )
DEE DEE BROOKHART,               )
JEREMIAH BROWN,                  )
LORI CUNNINGHAM, PERCY MYERS,    )
GENTRY, GLEN BABICH,             )
CARISSA LUKING, WISE,            )
LAWRENCE CORRECTIONAL CENTER,    )
ILLINOIS DEPARTMENT OF           )
CORRECTIONS, WEXFORD,            )
WEXFORD HEALTH SOURCES, and      )
JOHN DOES # 1-12  (C/O's Lawrence), )
                                 )
          Defendants.            )

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff Matthew James Griffin, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983. He asserts violations of the Eighth Amendment, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq*., and seeks monetary damages and injunctive relief (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1):  Plaintiff is seriously visually impaired[1] and has a shoulder dysfunction which qualify him for accommodations under the ADA and RA (Doc. 1, p. 6).  Since August 25, 2022, he has been incarcerated in IDOC facilities under an interstate corrections compact with the New Mexico prison system.  Upon Plaintiff's initial arrival at Stateville Northern Reception Center, employees of Defendant Wexford Health Sources ("Wexford") confirmed his handicapped status and placed him in an ADA cell.  On August 26, 2022, Wexford granted Plaintiff's request for the accommodations listed in Exhibit 1 (Doc. 1, pp. 32-33).  He received a permit for low bunk, low gallery, left eye patch, magnification card, digital talking book player in his cell, and front handcuffs due to his shoulder injury (Doc. 1, pp. 7, 32).

Wexford was the contracted health provider for the New Mexico corrections system as well as the IDOC.  Before Plaintiff's arrival in Illinois, Wexford officials in New Mexico gave Plaintiff all the accommodations listed in Exhibit 4: handicapped cell housing; ground floor cell; bottom bunk; orderly assistance; fall prevention; no climbing, stairs, or heights over two feet; no hot or sharp objects; no operating hazardous machinery; no driving; no uneven terrain; a talking digital wrist watch; talking books; eye patch; eye glasses; raised line paper and bold pens; night light; and wrist restraints in front with waist chains (Doc. 1, pp. 11, 41-42).

Plaintiff was transferred from Stateville to Lawrence Correctional Center on September 16, 2022.  Lawrence officials told him the permit issued at Stateville was no longer valid and

---

[1] Plaintiff has large angle alternating exotropia, which causes double vision, nystagmus, uncontrolled eye movement, and loss of depth perception, as diagnosed by doctors in North Carolina, New Mexico, and Illinois (Doc. 1, pp. 8, 33-36) (Exhibit 2).

placed him in a non-ADA-compliant cell (Doc. 1, p. 11).  When Plaintiff complained, he was moved to a handicapped cell (R8-CL-22), but its night light did not work.

Plaintiff provided documentation of his vision diagnoses to Defendants Dr. Gentry (doctor of optometry) and Dr. Percy Myers in August and September 2022.  At Plaintiff's visit on September 23, 2022, Dr. Gentry agreed with Plaintiff's previous diagnoses but did not provide the accommodations he requested (listed in Exhibit 4, Doc. 1, p. 42).  (Doc. 1, p. 12).  On September 24, 2022, Dr. Myers granted Plaintiff's requests for an eye patch, magnification card, low bunk, low gallery, and digital audiobook player in his cell, but denied the other ADA accommodations. Plaintiff made numerous requests for the remaining ADA accommodations for his vison impairment and fall prevention to Defendants Brookhart (Warden), Brown (Deputy Warden), Cunningham (Health Service Administrator), Hughes (IDOC Director), Dr. Myers, Dr. Gentry, Luking (FNP-C), Wise (FNP), Babich (Regional Medical Director), and Walters (ADA Coordinator) between September 2022 and February 2024, but each refused to allow them (Doc. 1, pp. 13-15).

Plaintiff bought his own night light so he would not fall in the dark.  On August 2, 2023, Defendant Officers John Doe #1 and John Doe #2 confiscated the light because the other defendants had not issued Plaintiff a permit for it (Doc. 1, p. 16).

On the night of August 17, 2023, Plaintiff fell, dislocating his left shoulder.  His calls for help were not answered and he did not see a medical provider until August 24, 2023, when the nurse told Plaintiff he must see a nurse on three separate dates before he could see a nurse practitioner or doctor (Doc. 1, p. 17).  Dr. Gentry issued Plaintiff a night light medical permit on October 27, 2023 (Doc. 1, p. 18).

In addition to the denial of ADA accommodations, Defendants Myers, Gentry, Luking, Wise, Babich, and the John Does #3-12 failed to provide Plaintiff with necessary medical care, including referral to an ophthalmologist and safety measures from September 28, 2022 through the present (Doc. 1, pp. 18-20). Wexford had a custom or policy of contracting to provide adequate medical care and reasonable disability accommodations to prisoners but failing to meet those obligations in order to maximize their profits (Doc. 1, p. 19).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:   Eighth Amendment deliberate indifference to serious medical needs claim against Myers, Gentry, Babich, Wise, Luking, Hughes, Brookhart, Brown, Walters, Cunningham, and John Does #1-12, for denying Plaintiff medical care and accommodations related to his visual and physical disabilities.

Count 2:   ADA and/or RA claim against the IDOC, Lawrence Correctional Center, Wexford, Wexford Health Sources, Hughes, Brookhart, Brown, Walters, Cunningham, Myers, Gentry, Wise, Luking, Babich, and John Does #1 and #2 for denying Plaintiff reasonable accommodations for his disabilities.

Count 3:   Eighth Amendment claim against Wexford and Wexford Health Sources for maintaining a custom, usage, policy, or practice of failing to provide adequate medical care and reasonable ADA accommodations to prisoners, causing Plaintiff to be deprived of medical care and ADA accommodations.

Count 4:   Breach of contract claim against Wexford and Wexford Health Sources for failing to provide adequate medical care and ADA accommodations to Plaintiff as a third-party beneficiary.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Preliminary Dismissals

Plaintiff cannot maintain an action for damages against the Illinois Department of Corrections because it is a state government agency. That is because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). Likewise, Lawrence Correctional Center, a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act and is not subject to a § 1983 lawsuit. *See Will*, 491 U.S. at 71. Accordingly, Lawrence Correctional Center will be dismissed from the case. IDOC will remain as a defendant only for the ADA/RA claims, as explained below.

### Discussion

### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts suggesting (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* An objectively serious condition includes a condition that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff's allegations are sufficient to state a claim for deliberate indifference in Count 1 against Myers, Gentry, Babich, Wise, Luking, Hughes, Brookhart, Brown, Walters, Cunningham, and John Does #1 and #2.  However, John Does #3-12 will be dismissed.  A plaintiff may use the "John/Jane Doe" designation to refer to specific individuals whose names are unknown, but a vague assertion that an undefined group of officials violated the plaintiff's constitutional rights runs afoul of the pleading standards in *Iqbal* and *Twombly*.  *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009).  Here, without identifying any specific incidents, Plaintiff claims these unknown persons denied medical care/accommodations September 28, 2022 through August 26, 2023 (Doc. 1, p. 20).  This is insufficient to state a viable claim against individuals.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Count 2**

Plaintiff's allegations state a cognizable ADA and/or RA claim.  However, the individual employees of IDOC cannot be sued under the ADA or the RA.  *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012).  Instead, the proper defendant is the relevant state department or agency.  *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director in his/her official capacity).  As Plaintiff has correctly named IDOC as a defendant for this claim, Count 2 will proceed only against the agency; the remaining defendants will be dismissed from this claim.

**Count 3**

Defendant Wexford Health Sources is a corporation that provided medical care at the prison at the relevant times.  But a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right.  *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004); *Jackson v. Ill. Medi-*

*Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). *See also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978).

Plaintiff alleges that Wexford maintained a custom, policy, or practice of denying ADA accommodations and providing inadequate medical care to maximize its profits, as carried out by Babich and other Wexford providers at Lawrence.  These allegations state a viable claim in Count 3 against Wexford Health Sources.  The separately named Defendant Wexford will be dismissed without prejudice as duplicative.

### Count 4

Plaintiff asserts he is a third-party beneficiary of the contract between IDOC and Wexford, and Wexford's alleged breach of that contract damaged him.  However, a contractual claim does not amount to a constitutional violation.  *See Taake v. Cnty. of Monroe*, 530 F.3d 538, 542-43 (7th Cir. 2008) (citing *Garcia v. Kankakee County Hous. Auth.,* 279 F.3d 532, 535 (7th Cir. 2002)). Therefore, Count 4 will be dismissed.

### <u>Injunctive Relief</u>

Because the Complaint includes a request for injunctive relief, the Warden of Lawrence Correctional Center (currently Jeremiah Brown), will remain as an official-capacity defendant regarding the request for injunctive relief.  *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

### <u>Unknown/John/Jane Doe Defendants</u>

Plaintiff is responsible for securing information aimed at identifying the Unknown/John Doe Defendants #1 and #2, in accordance with the John/Jane Doe Identification Order that will be

entered separately.  Once the names of the unknown defendants are obtained, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.  The Warden of Lawrence Correctional Center, in his official capacity only, is designated to respond to Plaintiff's requests for information regarding the identity of the John Doe Defendants.

### Pending Motion

Plaintiff's motion to deem the Complaint filed on June 5, 2025 (Doc. 9) is **GRANTED** pursuant to the prison mailbox rule.  (*See* Doc. 1, p. 30).  *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).

### Disposition

The Complaint states colorable claims in Count 1 against Myers, Gentry, Babich, Wise, Luking, Hughes, Brookhart, Brown, Walters, Cunningham, and John Does #1 and #2; in Count 2 against the IDOC; and in Count 3 against Wexford Health Sources.  Count 4, Lawrence Correctional Center, Wexford (duplicate), and John Does #3-12 are **DISMISSED** without prejudice.

The Clerk shall prepare for Latoya Hughes, Andrew Walters, Dee Dee Brookhart, Jeremiah Brown (individual and official capacity), Lori Cunningham, Percy Myers, Gentry, Glen Babich, Carissa Luking, Wise, the Illinois Department of Corrections, and Wexford Health Sources: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  March 30, 2026**

_s/ Staci M. Yandle_
**STACI M. YANDLE**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.